BOUTALL, Judge.
This is an appeal from an order placing certain fees due a partnership into an escrow account or trust fund pending a suit for dissolution and liquidation of a partnership.
Joseph F. Roy filed a petition for dissolution and partition of a partnership existing between Roy, James S. Conner, Jr., and William W. Miles. He sought the appointment of a liquidator and an injunction against his erstwhile partners and the partnership prohibiting them from disposing, concealing or encumbering any and all of *631 the assets of the partnership. It is apparently conceded amongst the parties that sometime later Roy sought a temporary restraining order to that same effect, and one was granted by the trial judge. Thereafter the defendants filed a motion for dissolution of the temporary restraining order and that motion, together with a motion for a preliminary injunction, came for hearing on the same day. The trial judge, noting that the partnership was entitled to receive a legal fee of some $301,000.00 as a result of a settlement of a law suit it had undertaken, rendered a judgment requiring that $100,-000.00 of that amount be kept in a trust fund in escrow pending the litigation. He reasoned that this would be a sufficient sum to protect the one-third interest that the plaintiff may have in such a fee and ordered that the remainder be paid over to the other two partners. The defendants have appealed.
On this appeal the defendants assign as error the issuance by the judge of the temporary restraining order and his failure to grant them damages for its dissolution. First we note that the record contains neither the petition or motion upon which the alleged temporary restraining order was based and does not even contain a temporary restraining order. There is no way we are able to pass upon the sufficiency of pleadings and judgments not in the record before us. We have not concerned ourselves however with the lack of those documents in the record for the simple reason that there is no appeal to this court from a grant of temporary restraining order or refusal to dissolve one. Code of Civil Procedure article 3612 expressly prohibits such appeals. As to the question of damages that may arise, the trial court referred that issue to a later hearing on the merits of the case, and we see no error in his so doing. See C.C.P. article 3608.
The only reason why we have entertained this appeal is because of the order which required $100,000.00 of the fee received from settlement of a lawsuit to be retained in the trust fund in escrow pending the proceedings. While this matter appears on the surface to be an interlocutory decree, yet in order to facilitate the matter because it is now before us and no objection has been raised to that portion of the appeal, we simply point out that we see no error in the trial judge’s judgment.
LSA-R.S. 12:146(D) provides that the dissolution under supervision by the court is a summary proceeding and that the court may enter such injunctive and other order, ex parte or on such notice as the court may prescribe, as it may deem appropriate. It goes without saying that the laws relating to dissolution and liquidation permit the liquidator or other authority and the court to preserve the assets of the entity to be dissolved and liquidated. The appellants give us no particular reason why the assets should not be preserved in this fashion but complains that there is a difference between liquidation and dissolution, and that the use of the temporary restraining order somehow has caused the trial judge’s order of escrow to be a prohibited summary proceeding. Frankly we do not understand the basis of his contention and note that the dissolution and/or liquidation, etc., was begun by petition and citation and we see nothing incorrect about the preservation order pending the proceedings.
Accordingly, the judgment is affirmed at the appellant’s costs.
AFFIRMED.